ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. ROLAND BRISCO.

Decided March 16, 1907.

1.—Moving Handcar—Personal Injuries—Assumed Risk—Charge.

In a suit for personal injuries received while moving a handcar from the tool house to the track, the plaintiff's theory was negligence of his coemployes in shoving the car with more force than usual, causing it to run upon and injure him, while the theory of defendant was that the car was being moved in the usual manner, with which plaintiff was familiar, and that he assumed the risk. The evidence was conflicting. The court charged the jury, in effect, that if said employes, who were shoving said car, gave an unusual, quick and sudden push and shoved it on plaintiff, and such manner of moving the car was not usual or necessary, etc., to find for plaintiff; and refused a special charge requested by defendant to the effect that if the car was moved in the usual and customary manner which was known to plaintiff, that he could not

recover. Held, error to refuse such special charge; the defendant was entitled to have the law affirmatively applied to its defense as made by the evidence.

**2.—Res Gestae—Hearsay.**

A remark of the foreman of the section gang, who did not see the accident, made just afterwards, as follows: "You all must be careful how you put the car on, or you are going to kill some man," was not admissible as *res gestae*.

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.

*C. E. Sheppard,* for appellee.—The court's charge is affirmative and correct as to the defense of assumed risk, and the court correctly directed the attention of the jury to the difference in the dangers and risks assumed by the plaintiff and the negligence of his fellow servants. Gulf, C. & S. F. Ry. v. Wilder, 75 S. W. Rep., 546; International & G. N. Ry. v. Newburn, 58 S. W. Rep., 542.

RAINEY, CHIEF JUSTICE.—Roland Brisco instituted this suit against the St. Louis Southwestern Railway Company, to recover for damages on account of personal injuries alleged to have been received by him through the negligence of other employes while working as a section hand in assisting to remove a handcar from the tool house and place it on the track. The railway company plead the general issue, contributory negligence and assumed risk. Upon a trial, verdict and judgment were rendered for Brisco and the railway company appeals.

The railway company requested the court to give a special charge reading as follows, which was refused, to wit: "If you believe from the evidence that plaintiff was injured at the time and place and in the manner charged in the petition, and if you further believe that plaintiff's said injuries were caused by the rapid movement of the handcar from the tool house to the railway track at a point on the railway track where there was a switch and a guard rail or rails, and if you further believe that it was negligence, as that term has been defined to you, in the section hands to move the said handcar from the tool house to the railway track at that place with the speed it was moved, and if you further believe from the evidence that at the time the plaintiff was injured he was an experienced section hand and knew, or might have known by the use of ordinary care, the risk and danger of moving the said handcar in the manner it was moved, and if you further believe that the said handcar at that time was moved by the section hands in the manner which theretofore had been usual and customary with them, and if you believe that plaintiff at the time knew the ordinary manner and custom of the section hands theretofore in moving the said handcar from the tool house to the railway track, then plaintiff assumed all risk to himself of injuries by reason of the manner of moving the said car at that place, and defendant is not liable to plaintiff for any injuries received by him, and you will find for the defendant."

The appellee's theory of recovery was negligence of employes in shoving the handcar with more force than usual, which caused it to

run upon and injure appellee, who was pulling it; while that of the railway company was that the car was being moved in the usual manner and the appellee assumed the risk of its being so moved.

There was evidence tending to show that the employes pushed the car with much greater force than usual; while on the other hand, there was testimony tending to show that the car was shoved that morning just as it was at all other times.

The court instructed the jury, in effect, that if said employes who were shoving said car gave an unusual, quick and sudden push and shoved it on plaintiff, who was pulling the car, and such was not usual or necessary to get same on the track, etc., to find for plaintiff. And also gave a charge on assumed risk and contributory negligence, but nowhere in the charge was the jury instructed that if the car was moved in the usual and customary manner as theretofore, which was known to appellee, that he could not recover.

The railway company is liable for the negligence of its employes, but where an experienced employe is daily working with a handcar, putting it on and taking it off the track, and is hurt by the usual manner of putting the car on, though there be a safer method of doing it, he assumes the risk of such manner of putting it on, and can not recover. (St. Louis S. W. Ry. Co. v. Brisco, 17 Texas Ct. Rep., 774.)

The railway company is entitled to have the law affirmatively applied to its defense as made by the evidence, and as the special charge was correct in view of the evidence it should have been given, and for refusing to give it the judgment will be reversed.

The court erred in admitting the testimony of the witness Newsome, that the foreman remarked, "You all must be careful how you put the car on, or you are going to kill some man." This remark was made just after the accident, when the plaintiff had been taken from under the car and had just been set down. The foreman did not witness the accident, being at the time around at the side of the section house in the discharge of other duties. The testimony, we think, was not *res gestae,* but purely hearsay. Its tendency was to show negligence, but as the foreman did not witness the accident it was not admissible.

We have considered the other assignments, in none of which do we find reversible error.

For the errors indicated, the judgment will be reversed and cause remanded.

*Reversed and remanded.*